## Case No. 8,070.

### In re LANIER.

[2 N. B. R. 154 (Quarto, 59).] [1]

District Court, N. D. Alabama. 1868.

BANKRUPTCY—REGISTER'S POWERS—EXAMINATION OF BANKRUPT—APPLICATION BY ASSIGNEE—VERIFICATION BY AFFIDAVIT.

1. A register in bankruptcy can allow the order (form forty-five) for the examination of the bankrupt under the twenty-sixth section of the bankrupt act [of 1867 (14 Stat. 529)].

[Cited in Re Dole, Case No. 3,965.]

2. A register in bankruptcy is invested with the powers of the district judge in all matters of an administrative character arising in a case referred to him under the rules of the court, where the same are uncontested or not otherwise prohibited by the act of congress.

[1] [Reprinted by permission.]

3. The application of an assignee for the examination of the bankrupt under the twenty-sixth section of said act need not be verified by affidavit, nor is it necessary that the application should specify the matters on which it is proposed to examine the bankrupt, or the particular reasons for the same.

[Cited in Re Solis, Case No. 13,165.]

[Cited in Re Harrison, 46 Minn. 333, 48 N. W. 1133.]

On the 8th of July, 1868, the register in this case allowed and issued, on the written application of the assignee, an order for the examination of the bankrupt under the twenty-sixth section of the act, returnable on the 5th of August, 1868. On the return day of the order, the bankrupt appeared with counsel, and before being sworn, offered and filed the following objections to the proceedings, and asked that the same should be certified to the district judge for his opinion thereon: First. That said proposed examination is not ordered or directed by the court. That the order appearing to have been made by the court was not so made, but was made by the clerk of the court, without having been submitted to or acted on by the court. Second. That the application, purporting to have been made by the said assignee for the said proposed examination is not verified by the affidavit of said assignee, or of any person for him. Third. That such application, purporting to have been made by said assignee, does not show that the proposed examination is to be made of or concerning any matter or thing of which said assignee can properly examine the bankrupt. Fourth. That such application does not state any cause or reason for such proposed examination. Fifth. That said proposed examination cannot be had before a register in bankruptcy, but must be had, if had at all, pursuant to the act of congress, before the court. Whereupon the examination was adjourned to await the decision of the district judge.

By JOSEPH W. BURKE, Register:

Can a register of this court issue and allow an order for the examination of a bankrupt whose petition has been duly referred to him? It is my opinion that he can, and that on the application of the assignee, properly made, it is his duty to do so. His authority to issue and to "allow" all process, summons, and subpoenas under the seal of the court, in my judgment, cannot be disputed, being vested with this power by the act of congress itself, and the rules of the supreme court, and the precise method in which such acts shall be done having been prescribed by the rules of the district courts for Alabama.

Rule 2 (rules and orders in bankruptcy,) provides that "all process, summons, and subpoenas shall issue out of the court under the seal thereof, and be tested by the clerk, and blanks with signature of the clerk and the seal of the court may, upon application, be furnished the registers." Acting in accordance with this rule and in order to provide a safeguard against the improper use of the process of the court by unauthorized individuals, rule three of this court provides that "all process furnished any register under rule 2 (general orders) shall be countersigned by him before the same shall be issued, and all orders issued under the authority of the court shall be marked 'Allowed,' dated and signed by him before issuing." Rule 4 (general orders) provides that when a petition for adjudication of bankruptcy is referred to a register, "thereafter all proceedings required by the act shall be had before him except such as are required by the act to be had in the district court, or by special order of the district judge." Form four refers the bankrupt's petition to the register, "to make adjudication thereon, and to take such other proceedings as are required by the act."

When, under the rules and the laws above cited, the petition of a bankrupt is referred to a register in bankruptcy, under the order of the court, in my opinion, he is vested with the authority fully and completely of the district judge, to dispose of all matters of an administrative character arising in the case, where the same are uncontested. When congress enacted the present bankrupt act it was its intention to remedy the defects of the old system, and to provide for an economical and simple administration of the law. To oblige the district judges to perform the duties of administering the law of bankruptcy, in addition to the severe labors imposed on them in their courts, would be unreasonable and improper. In order that the judges should be relieved as much as possible, and the law administered without vexatious and harrassing delay, provision was made for a class of officers whose special duty under the act is "to assist the district judge in the performance of his duties."

In the expressive language of the framer of the bankrupt law "they are the hands and eyes of the court." To hold that they are not invested with all the powers of the judge in the conduct of the administrative business of bankruptcy proceedings would be to practically defeat the object and intent of the law. The justices of the supreme court who compiled the rules and forms in bankruptcy, gave a forcible illustration of what the law intended by authorizing the clerks of the district courts to issue to the registers "the process, summons and subpoenas of the court" under the seal thereof and in blank. I take this rule to mean that each register shall so control the process of the court as to represent the court on all occasions requiring the issuing of such process, and the order for the examination of the bankrupt, under the twenty-sixth section (form forty-five) being within the meaning of the term "process," as furnished in blank by the clerk under rule 2, may be issued by a register of this court on complying with the requirements of the third rule

of the district courts of Alabama, in dating and allowing the same under his signature. For all purposes in bankruptcy where there is no contest, and not otherwise forbidden by the bankrupt act, the term court includes the register of the court charged with the conduct of each case, and his orders, allowed and issued under the seal of the court, are legal and binding as though issued under the eye of the judge. This principle is well established by recent decisions of very learned judges of the United States court. In re Gettleson [Case No. 5,373]; In re Hafer [Id. 5,897]. Rule 8 (general rules) contemplates the exercise of this authority by the register in uncontested matters.

It is my opinion that the application of the assignee for the examination of the bankrupt need not be verified by his affidavit. I do not think that the law intends that any reason shall be stated by the assignee in his application. The act of congress obliges the bankrupt, at all times, on reasonable notice, to submit to this examination when required by the court on the application of the assignee. The court will not inquire into the reasons of the assignee for asking the granting of the order. Every assignee is supposed to act for the best interest of the creditors, and the law clearly gives him the right to examine the bankrupt "at all times on reasonable notice" on all matters relating to his bankruptcy. That this is the meaning of the twenty-sixth section is evident from the context. A bankrupt may be required to submit to an examination regarding his bankruptcy at any time, on the application of the assignee, or of a creditor; but in order to obtain an order for the examination of the wife of the bankrupt "good cause" must be shown before it can be granted, or she required to attend. The maxim "expressio unius est exclusio alterius" applies with great force here as the proper rule of construction. The intent of the legislature is clearly expressed in making "good cause shown" a condition precedent to the examination of the wife of the bankrupt, while the bankrupt himself may be examined at any time on the application of the assignee, or without any application, by the court, "mero motu." Bankrupt Act, § 6. No fact then appearing in the application of the assignee, and no reason being given except what the law clearly sanctions and implies in the demand itself, no verification is necessary to be made by the assignee in thus invoking the assistance of the court to enable him to perform his duties under the law.

Third. For the reasons given in my opinion on the last question, I think it is not necessary that the assignee should specify the particular matters on which he may require the bankrupt examined. If this was required it would give a dishonest bankrupt an advantage which might be made use of to the detriment of his creditors. Answers concocted after mature deliberation, and ingenious-

ly framed by the assistance of able counsel, would embarrass the assignee, and render nugatory the efforts of the law in enforcing the rights of creditors. While the law will not allow the bankrupt to be harrassed, the great advantages he seeks at its hands demand that as an equivalent he shall at all times, when required, answer truthfully such questions relating to his bankruptcy as may be propounded him. The application of the assignee is sufficient if it state that the examination is desired in accordance with the provisions of the twenty-sixth section, and he will be obliged to confine himself to the matters into which the law authorizes inquiry, as specified in that section. The order (form forty-five,) sufficiently notifies the bankrupt of what he is expected to testify, and if he be acting fairly he needs no preparation to answer all questions put to him by his creditors regarding his property, with truth and candor.

Fourth. I do not think it is necessary that the assignee should state the grounds for the proposed examination, for the reasons before given.

Fifth. Can the examination of a bankrupt be had before a register in bankruptcy?

I think this question is too plain to admit of doubt. Form forty-five expressly intends that this examination shall be had by and before the register. Section five of the act provides that "such register so acting shall have and exercise all the powers, except the power of commitment, vested in the district court for the summoning and examination of persons or witnesses." Section thirty-eight provides that examination in any of the proceedings under this act may be taken before the court or a register in bankruptcy viva voce, "or in writing."

After careful consideration of the law, I can find nothing therein to support the objections made by the bankrupt, and am of opinion that the order for the examination of the bankrupt was properly issued, and that he should be required to submit to the same before the register on the application of the assignee as filed in this matter. All of which is respectfully submitted.

BUSTEED, District Judge. I have considered the five objections taken by the bankrupt, Lanier, to be examined under the twenty-sixth section of the act to establish a uniform system of bankruptcy, and am of opinion that neither of them is well founded. The opinion of the register, annexed to the certificate of the questions to the court, is so thorough that further argument is unnecessary. The court adopts the reasoning of the register in detail, upon all the points raised. The interposition by a bankrupt of technical objections to his own examination, when it is sought by the assignee, is not favored by the law. The utmost willingness, at all reasonable times, to state the whole of his knowledge in relation to his estate,

is a duty imposed upon the bankrupt by the genius and text of the statute. The examination sought by the assignee in this case is properly allowed, and the bankrupt is hereby required to submit to it.